IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MELVIN F. SHERIN, *et al.*,           *

    Plaintiffs,                          *

        v.                                *     CIVIL NO.: WDQ-11-3698

JOHN CRANE-HOUDAILLE, INC.,            *
  *et al.*,
                                               *

    Defendants.                          *

                                               *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

MEMORANDUM OPINION

Melvin F. Sherin, individually and as personal representative of the Estate of Roberta L. Sherin, and others[1] (collectively, the "Plaintiffs"), sued Union Carbide Corporation ("Union Carbide")[2] in an asbestos product liability action. Pending is the Plaintiffs' motion to remand. ECF No. 203. No

---

[1] Also named as Plaintiffs are Ms. Suzette Desser and Ms. Stephanie Love, surviving children of Mrs. Sherin. *See* ECF No. 2.

[2] The Plaintiffs also sued John Crane-Houdaille, Inc., Owens-Illinois Glass Co. ("Owens-Illinois"), E.L. Stebbing & Co., Hampshire Industries, Inc., Premier Refractories, Inc., The Goodyear Tire & Rubber Company, MCIC, Inc., CBS Corporation ("CBS"), General Electric Company, Metropolitan Life Insurance Company ("Metropolitan"), A.W. Chesterton Company ("A.W. Chesterton"), CertainTeed Corporation, Kaiser Gypsum Company, Inc., International Paper Company, Bayer CropScience, Inc., Cooper Industries, Inc., Pfizer Corporation, Schneider Electric USA, Inc., The Wallace & Gale Asbestos Settlement Trust, Conwed Corporation, Foster Wheeler Corporation, Hopeman Brothers, Inc. ("Hopeman Brothers"), Selby, Battersby & Company, Green, Tweed & Co., Wayne Manufacturing Corporation ("Wayne"), and Lofton Corporation ("Lofton"). *See id.* at 1-8.

hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion will be denied.

I. Background

The facts of this case are stated in the Court's September 16, 2014 Memorandum Opinion, ECF No. 200. Briefly, this suit arises from Mrs. Sherin's fatal mesothelioma, allegedly caused by her exposure to asbestos fibers brought home on Mr. Sherin's person and clothing when he worked at the Staten Island, New York U.S. Coast Guard Yard from 1958 to 1960 and as a flooring salesperson from 1969 to 1975,[3] and, from 1969 to 1970, during construction of their new home. ECF No. 203 ¶ 1.[4]

On September 9, 2010, the Plaintiffs sued Union Carbide, and others,[5] under various tort theories of recovery.[6] ECF No.

---

[3] Mr. Sherin sold carpet padding, indoor-outdoor carpeting, polypropylene indoor-outdoor carpeting, and synthetic grass carpeting. See ECF No. 183-2 at 37.

[4] Union Carbide sold asbestos to product manufacturers, which sold finished products to suppliers; the suppliers sold the products to contractors; these contractors used the products that exposed Mrs. Sherin to asbestos at the new home and on Mr. Sherin's clothing. See ECF No. 178-1 at 16.

[5] See supra note 2.

[6] Count One alleged Strict Liability; Count Two--Breach of Warranty; Count Three--Negligence; Count Four--Fraud; Count Five--Conspiracy; Count Six--Market Share Liability; Count Seven--Loss of Consortium; and Count Eight--Wrongful Death. See ECF No. 2. The Short Form Complaint incorporates by reference a Master Complaint filed in personal injury asbestos cases in which the Plaintiff is not a tradesman or steelworker. See ECF No. 5. The Master Complaint alleges, inter alia, strict

2. On December 21, 2011, Wayne, Hopeman Brothers, and Lofton (collectively, the "removing defendants") removed the suit to this Court. ECF No. 1.

On September 16, 2014, the Court denied Union Carbide's motion *in limine* to exclude hearsay and speculative product identification testimony, granted in part and denied in part Union Carbide's motion for summary judgment,[7] and granted Union Carbide's motion for partial summary judgment.[8] ECF No. 201.[9]

---

liability based on defective design and/or construction (Count One, Paragraph Four) and failure to warn (Count One, Paragraphs Five and Six). The Master Complaint also alleges, *inter alia*, negligence based on failure to properly design and/or construct their asbestos products (Count Three, Paragraph 17(a)) and failure to warn or otherwise advise Plaintiff about the dangers of asbestos (Count Three, Paragraph 17(b) - (f). *See id*.

[7] The Court granted Union Carbide's motion as to failure to warn claims, ECF No. 200 at 34-45, and denied it as to evidence of exposure and substantial factor causation, *id*. at 26-34.

[8] The Court granted partial summary judgment on claims involving breach of warranty, fraud, conspiracy, aiding and abetting, and punitive damages. *Id*. at 45.

[9] This Court previously granted joint motions for voluntary dismissal of all claims against Pfizer Corporation, Premier Refractories, Inc., The Goodyear Tire & Rubber Company, The Wallace & Gale Asbestos Settlement Trust, MCIC, Inc., E.L. Stebbing & Co., Foster Wheeler Corporation, Schneider Electric USA Inc., Bayer CropScience, Inc., and General Electric Company. *See* ECF Nos. 60, 100, 102, 123, 131, 132, 149, 150, 156, 161.

This Court previously granted unopposed motions for voluntary dismissal filed by Hampshire Industries, Inc., Hopeman Brothers, Lofton, and Wayne. *See* ECF Nos. 126, 127.

This Court previously granted unopposed motions for summary judgment filed by Hampshire Industries, Inc., Hopeman Brothers,

3

On October 23, 2014, the Plaintiffs moved to remand the remaining claims against Union Carbide and A.W. Chesterton to the Circuit Court for Baltimore City. ECF No. 203.[10] On November 10, 2014, Union Carbide opposed the motion. ECF No. 205. On November 24, 2014, the Plaintiffs replied. ECF No. 206.

II. Analysis

A. Removal Jurisdiction

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . .

---

Lofton, Wayne, Kaiser Gypsum Company, Inc., CertainTeed Corporation, Selby, Battersby & Company, Foster Wheeler Corporation, Pfizer Corporation, Schneider Electric USA, Inc., General Electric Company, The Wallace & Gale Asbestos Settlement Trust, The Goodyear Tire & Rubber Company, Conwed Corporation, CBS Corporation, John Crane-Houdaille, Inc., Cooper Industries, Inc., Green, Tweed & Co., and International Paper Company. *See* ECF Nos. 157, 167, 169, 189, 190, 191, 192, 193, 194, 195, 196, 197.

The Plaintiffs have apparently settled their claims against Owens-Illinois and Metropolitan. ECF No. 203 ¶ 6. According to the parties' November 6, 2014 joint status report, the Plaintiffs "anticipate dismissing their claims against A.W. Chesterton." ECF No. 204 ¶ E.

[10] Although the Plaintiffs seek remand of this "case," they do so on the basis that--according to the Plaintiffs--Union Carbide and A.W. Chesterton "are the only remaining defendants left in this case." ECF No. 203 ¶¶ 6, 8-9. Thus, the Court construes the Plaintiffs' motion as seeking remand of claims against Union Carbide and A.W. Chesterton. However, the Plaintiffs' claims against Owens-Illinois and Metropolitan have not been dismissed pursuant to settlement. *See* Local Rule 111 (D. Md. 2014).

. to the district court of the United States for the district and division embracing where such action is pending." The removing party has the burden of proving subject matter jurisdiction. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Because removal raises "significant federalism concerns," the removal statutes must be strictly construed, and all doubts must be resolved in favor of remanding the case to state court. *Id.*

Relying on Mr. Sherin's employment at the Coast Guard Yard, the removing defendants asserted federal officer jurisdiction under 28 U.S.C. § 1442,[11] and federal enclave jurisdiction under

---

[11] Under 28 U.S.C. § 1442(a)(1), federal officers and their agents have an "independent jurisdictional right" to remove a state civil action or criminal prosecution "for or relating to any act under color of such office" to federal court, "wholly apart" from § 1441. *Camero v. Kostos*, 253 F. Supp. 331, 335 (D.N.J. 1966) (internal quotation marks omitted); *see also Mesa v. California*, 489 U.S. 121, 136, 109 S. Ct. 959, 968, 103 L. Ed. 2d 99 (1989) ("Section 1442(a) . . . is a pure jurisdictional statute, seeking to do nothing more than grant district court jurisdiction over cases in which a federal officer is a defendant."). Unlike removal under § 1441, under § 1442(a) the other defendants need not join in or consent for removal to be proper. *Joyner v. A.C. & R. Insulation Co.*, CIV. CCB-12-2294, 2013 WL 877125, at *2 n.4 (D. Md. Mar. 7, 2013) (citing *Plourde v. Ferguson*, 519 F. Supp. 14, 16 (D. Md. 1980)).

The removing defendants also relied on 16 U.S.C. § 457, under which federal courts have jurisdiction over death and personal injury claims arising in federal enclaves, as a basis for federal enclave jurisdiction. ECF No. 1 ¶ 22.

5

U.S. Const. Art. 1 § 8,[12] as grounds for removal. ECF No. 1 at 3, 4.

B.   The Plaintiffs' Motion

The Plaintiffs do not assert that removal was improper; rather, they assert that federal jurisdiction is now lacking because every defendant whose asbestos products were present at the Coast Guard Yard[13] has been granted summary judgment or dismissed from the complaint. ECF No. 203 ¶¶ 3, 7. Union Carbide asserts that this Court has federal jurisdiction because Owens-Illinois--whose asbestos products Mr. Sherin acknowledged being exposed to at the Coast Guard Yard--is a cross-defendant for contribution. ECF Nos. 205 at 3; 205-2 at 3. In essence, Union Carbide argues that its cross-claim for contribution against Owens-Illinois independently gives rise to federal

---

[12] "Federal enclave jurisdiction is derived from Article I, Section 8, Clause 17 of the United States Constitution" under which Congress may "exercise like authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the erection of Forts, Magazines, Arsenals, dock-Yards and needful Buildings." *Anderson v. Crown Cork & Seal*, 93 F.Supp.2d 697, 699 (E.D. Va. 2000); see also U.S. Const. art. I, § 8, cl. 17; 16 U.S.C. § 457 (providing jurisdiction for personal injury actions within federal enclaves); *Stokes v. Adair*, 265 F.2d 662, 663, 665-66 (4th Cir. 1959). All defendants consented to removal on this basis. ECF No. 1 ¶ 12.

[13] The Plaintiffs assert that those defendants include Hopeman Brothers, Wayne, Lofton, and CBS; it does not include Union Carbide. ECF Nos. 203 ¶ 7; 206 at 1.

jurisdiction over the Plaintiffs' claims against it. Union Carbide is incorrect.

Federal courts exercising federal officer or federal enclave jurisdiction may exercise supplemental jurisdiction over non-federal elements of the controversy. *See* 28 U.S.C. § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .").[14] Accordingly, the Court's federal jurisdiction over claims arising from Mr. Sherin's asbestos exposure at the Coast Guard Yard provided the Court with supplemental jurisdiction over claims--such as those against Union Carbide--that are purely matters of state law.

Union Carbide has not cited--nor has the Court located-- authority for the proposition that a *cross-claim* gives rise to independent federal jurisdiction. Adopting the majority view, the Fourth Circuit has held that cross-claim defendants may not remove a suit to federal court under 28 U.S.C. § 1441(a). *See Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333-34 (4th Cir. 2008); *see also Sanford v. Premier Millwork & Lumber Co.*, 234 F. Supp. 2d 569, 571 (E.D. Va. 2002) ("[T]he majority rule,

---

[14] *See also Wood v. Crane Co.*, 764 F.3d 316, 320 n.4 (4th Cir. 2014) *cert. denied*, No. 14-706, 2015 WL 731911 (U.S. Feb. 23, 2015); *IMFC Prof'l Servs. of Florida, Inc. v. Latin Am. Home Health, Inc.*, 676 F.2d 152, 158 (5th Cir. 1982).

and, in the eyes of this court, the better view, is that third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remov[al]."). Because Owens-Illinois could not have removed the suit to this Court on the basis of Union Carbide's cross-claim, strict construction of the removal statute compels the Court to conclude that it lacks independent federal jurisdiction solely on the basis of Owens-Illinois's status as a cross-claim defendant. *See Md. Stadium Auth.*, 407 F.3d at 260.

Union Carbide alternatively--and, more persuasively--argues that the Court should continue exercising supplemental jurisdiction over the Plaintiffs' claims against it. ECF No. 205 at 4. Union Carbide contends that the Plaintiffs could have sought remand about two years ago;[15] because they chose not to, the Court and the parties have expended "significant resources" on the matter, including litigating and deciding Union Carbide's summary judgment motions. *Id.* at 4-5. Union Carbide further contends that "there is essentially nothing left to remand": the remaining "defective 'design and/or construction'" and "negligent failure to develop and distribute asbestos free insulation products" claims "do not apply to Union Carbide."

---

[15] The Plaintiffs' claims against the removing defendants were dismissed on January 18, 2013. *See* ECF Nos. 205 at 5; 127. However, the Plaintiffs could have objected to the Court's exercise of supplemental jurisdiction at any time since removal.

*Id.* at 6. The Plaintiffs contend that judicial economy would be served by remand because the Circuit Court for Baltimore City has an "established framework" for trying asbestos cases,[16] and has "more courtrooms and more judges than does the [U.S.] District Court for the District of Maryland, Northern Division." ECF No. 206 at 2. The Plaintiffs further contend that Union Carbide's assertion that there is nothing to remand "should be the subject of a different motion." *Id.* at 3.

Under 28 U.S.C. § 1367(c), the Court may decline to exercise its supplemental jurisdiction over those claims if (1) they "raise[] a novel or complex issue of State law," (2) they "substantially predominate[]" over the federal claims, (3) the Court "has dismissed all claims over which it ha[d] original jurisdiction," or (4) there are "other compelling reasons for declining jurisdiction." A state claim "substantially predominates" over the claim that forms the basis of jurisdiction, if that claim "is only an incident or adjunct of the state claim and . . . the state claim is the crux of the action." *Jones v. Baugher*, 689 F. Supp. 2d 825, 834 (W.D. Va. 2010) (quoting *Spaulding v. Mingo Cnty. Bd. of Educ.*, 897 F. Supp. 284, 289 (S.D.W. Va. 1995)).

---

[16] In the Circuit Court for Baltimore City, "cases sharing common defendants and issues can be grouped for trial so that expert testimony . . . can be used for more than just one case at a time." ECF No. 206 at 2.

Although the Plaintiffs contend that they have settled their claims against Owens-Illinois, see ECF No. 203 ¶ 6, the Court has not been formally notified of the settlement, nor has Owens-Illinois been terminated from this case. See Docket.[17] Thus, on the current record, the Court has federal jurisdiction over those claims; remand under the third § 1367(c) ground would be premature. Assuming, however, that settlement is imminent, it is reasonable to conclude that the Plaintiffs' state law tort claims against Union Carbide are the "crux" of what remains of this suit. See Jones, 689 F. Supp. 2d at 834.[18] Accordingly, the Court may remand those claims under the second § 1367(c) ground.

However, when one of the statutory grounds for remand applies, the Court should also consider whether "'principles of economy, convenience, fairness, and comity'" support remand. See Hinson v. Norwest Fin. S. Carolina, Inc., 239 F.3d 611, 617 (4th Cir. 2001) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)); see also Joyner, 2013 WL 877125, at *10.

---

[17] See also Local Rule 111 ("When the Court has been notified by counsel that a case has been settled, the Court may enter an order dismissing the case and providing for the payment of costs."). Similarly, the Court has not received notice that the Plaintiffs have settled, or will settle, their claims against Metropolitan and A.W. Chesterton.

[18] Cf. Citrano v. John Crane-Houdaille, Inc., No. CIV. WDQ-13-2158, 2014 WL 806442 (D. Md. Feb. 27, 2014) (state law tort claims substantially predominated over single defendant's assertion of the federal officer defense).

Although the Court is mindful of the Circuit Court's experience in trying asbestos cases and its interest in adjudicating issues of state law, the strict liability and negligence claims asserted here are not so novel or complex that principles of comity favor remand.  *See Coppage v. Mann*, 906 F. Supp. 1025, 1046-47 (E.D. Va. 1995); *Joyner*, 2013 WL 877125, at *10.

Additionally, considerations of judicial economy and convenience disfavor remand.  Aside from conducting depositions on the issue of damages, discovery in this case has been completed.  *See* ECF No. 204 ¶ A.  Having ruled upon dispositive motions, the Court is familiar with the facts of this case.  *See* ECF No. 201; *supra* note 9.  At the very least, the Court will retain federal jurisdiction over the Plaintiffs' claims against Owens-Illinois until they are dismissed pursuant to settlement. *See* Local Rule 111.  The Plaintiffs have had three years to object to the Court's supplemental jurisdiction.  As one court presented with similar facts has noted, "[i]n a sense, we are at least in the seventh inning in this contest and in these circumstances there is little to be gained by declining to adjudicate the state claims."  *See Coppage*, 906 F. Supp. at 1047 (retaining supplemental jurisdiction when parties have

completed discovery and are prepared for trial).[19]  Accordingly, the Court will retain supplemental jurisdiction.

III. Conclusion

For the reasons stated above, the Plaintiffs' motion to remand will be denied.

_3/24/15_____                _/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge

---

[19] *See also Williams v. 5300 Columbia Pike Corp.*, 891 F. Supp. 1169, 1182 (E.D. Va. 1995) (retaining supplemental jurisdiction, in part, because the parties had conducted substantial discovery, and the Court was familiar with the facts of the case); 13D Fed. Prac. & Proc. Juris. § 3567.3 (3d ed. 2014)("[I]f no party objects to the court's deciding the supplemental claims, the court may treat the lack of objection as waiver of any argument that the court should have declined supplemental jurisdiction."). *Cf. 75-80 Properties, LLC v. Bd. of Cnty. Commissioners of Frederick Cnty., Maryland*, No. CIVA RDB 09-2977, 2010 WL 917635, at *3, *5 (D. Md. Mar. 10, 2010) (fairness and judicial economy would not be compromised by remanding suit five months after plaintiffs filed the complaint).

12